UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Case No.: 1:05-CV-970

| | | |
|---|---|---|
| MEDICAL RESEARCH INSTITUTE, INC., a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | PERMANENT INJUNCTION |
| | ) | AND |
| UNLIMITED NUTRITION, INC., a North Carolina Corporation, d/b/a BULK NUTRITION, 1FAST400, GOENDURANCE, BEYOND MUSCLE, NUTRITION STAND, and MICHAEL MCCANDLESS | ) ) ) ) ) ) ) | DISMISSAL WITHOUT PREJUDICE BY CONSENT |
| Defendants. | ) | |

Based on the pleadings, moving papers, and declarations submitted in this proceeding, and good cause appearing therein, and with the consent of the parties as expressed by the signatures of their attorneys of record, the Court makes the following finding of facts and orders as follows:

## I.  FINDING OF FACT

1.  Plaintiff Medical Research Institute, Inc. ("MRI") is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.

2.  Defendant Unlimited Nutrition, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in this judicial district.

3.  Defendant Michael McCandless is an individual who is a resident of this judicial district.

1

4. MRI designed, developed, and currently manufactures and sells two innovative products known as CE2 and NO2.

5. MRI owns a U. S. Trademark Registration for CE2, Registration No. 2,990,412. MRI also owns a U. S. Trademark Registration for ESTER-TECH, Registration No. 3,007,938, and owns a U. S. Trademark Registration for NO2, Registration No. 2,779,677. These trademarks and the registrations are valid and subsisting. Defendants do not dispute the validity or enforceability of the said three trademarks.

6. On November 4, 2005, MRI initiated this action against Defendants, and on November 8, 2005, the Court entered an order granting an *ex parte* temporary restraining order, which this Court converted with Defendants' consent into a preliminary injunction on January 26, 2006.

7. The parties have negotiated a settlement agreement pursuant to which they have agreed to have this permanent injunction and dismissal without prejudice entered by the Court.

8. Subject to their settlement agreement and the terms thereof, the parties agree that, except for this permanent injunction, all claims asserted by Plaintiff against Defendants shall be dismissed without prejudice and that each party shall bear the costs and fees incurred by them in connection with this action.

## II. CONCLUSIONS OF LAW

1. The Court has *in personam* jurisdiction over the parties to this *Permanent Injunction and Dismissal Without Prejudice by Consent*.

2. The Court has jurisdiction over the subject matter of this action.

3. All parties to this *Permanent Injunction and Dismissal Without Prejudice by Consent* are properly before the Court.

4. All matters of jurisdiction, service, and notice are proper.

5. Except for the joint motion seeking to have this *Permanent Injunction and Dismissal Without Prejudice by Consent* entered, there are no motions pending before the Court.

6. Defendants consent to the terms and conditions of this *permanent injunction*, to Plaintiff's claims being dismissed without prejudice, and to each party bearing the costs and fees incurred by them in connection with this action.

### III. ORDER AND INJUNCTION

Defendants, their officers, directors, agents, servants, employees and attorneys, and all those acting or attempting to act in active concert or participation with Defendants **ARE HEREBY PERMANENTLY ENJOINED** from directly or indirectly engaging in any of the following actions:

(a) Marketing, advertising, promoting, selling, offering to sell, transferring, shipping, licensing, handling, distributing, aiding or assisting in the distribution or using in any fashion, any products, goods or merchandise, including but not limited to caplets or bottles or any other objects or goods, not genuinely created and distributed with the authority of MRI, displaying any or all of the following trademarks: MRI, NO2, CE2, PHYLEX-9, and ESTER-TECH (collectively, the "MRI Marks");

(b) Using the MRI Marks or colorable imitations of the same in any manner likely to cause others to believe that counterfeit products are connected with or sponsored by MRI or are MRI's genuine products;

(c) Passing off, inducing, aiding, abetting, or enabling others to sell or pass off any products which are not genuine MRI products as genuine MRI products;

3

Case 1:05-cv-00970-NCT-PTS   Document 27   Filed 05/02/06   Page 3 of 4

(d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are MRI's products, unless they are such;

(e) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving or disposing of in any manner products falsely bearing, or bearing without authority or permission, MRI's Marks, or colorable imitations or substantially similar variations of the same;

(f) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) – (e) above.

**IT IS FURTHER ORDERED** that Plaintiff's remaining injunction bond in this matter be returned; and that within five days of the entry of this Order the Clerk of court release payment to Plaintiff in the amount of all remaining bond payment.

The court hereby **DISMISSES** this lawsuit **WITHOUT PREJUDICE**.

**WE CONSENT:**

| | |
|---|---|
| /s/ Anthony J. Biller | /s/ Kenneth Kyre, Jr. |
| By: Anthony J. Biller | By: Kenneth Kyre, Jr. |
| N.C. State Bar No. 24,117 | N.C. State Bar No. 7,848 |
| Coats & Bennett, PLLC | Pinto Coates Kyre & Brown, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendants |

**IT IS SO ORDERED**:

This the day of May 2, 2006

/s/ N. Carlton Tilley, Jr.
United States District Judge

4